UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**OSCAR MOJICA, On behalf of himself and all others similarly situated**

       **Plaintiff,**

v.                                                                                  Case No:  2:12-cv-89-FtM-29SPC

**BLACKSTONE REAL ESTATE ACQUISITIONS IV LLC, and WHM LLC,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Joint Motion to Approve Confidential Settlement Agreement and Joint Motion to Dismiss With Prejudice (Doc. #20) filed on August 23, 2012.  In this FLSA case, the Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant and seek approval of the agreement.  The Court previously denied the Parties request to file the confidential settlement agreement under seal, but instructed the Parties to submit the agreement to the Court for an *in camera* review.  (Doc. #19).  The Court has received and reviewed the confidential settlement agreement and now issues the following report and recommendation.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et. seq. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982),  the

Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount, with a compromise reached between the parties regarding compensation of the Plaintiff's FLSA claim and attorney's fees and costs to be paid. The joint motion indicates that the attorney's fees were negotiated separately and without regard to the amount paid to the Plaintiff in settlement of his claims. Upon review of the confidential settlement agreement, it appears that the settlement agreement is

between Plaintiff, Oscar Mojica, and WHM, LLC only, for full settlement and release of Plaintiff's claims.

Plaintiff and Defendant WHM agree that the Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Because the Parties inform the Court that the terms of the settlement were made, with compromise, for all the work the Plaintiff performed on the Defendant's behalf, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Finally, the Court notes that the Parties' Motion (Doc. #20, ¶1) indicates that Defendant Blackstone Real Estate Acquisitions, IV, LLC (BREA) was dropped as a party from this case. Upon review of the docket, the Court notes that a Motion to Dismiss Defendant BREA is still pending. (Doc. #13). Therefore, at this time, the Court recommends that this matter be dismissed with prejudice against Defendant WHM, LLC only.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) Joint Motion to Approve Confidential Settlement Agreement and Joint Motion to Dismiss With Prejudice (Doc. #20) be **GRANTED** and the settlement agreement between Plaintiff and Defendant WHM, LLC be **APPROVED** by the District Court**.**

(2) It is further respectfully recommended that the case be **DISMISSED with prejudice** pursuant to the agreement of the Parties against Defendant WHM, LLC only.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 4th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

4